UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| RONALD E. TILLEY, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) Civil No. 10-118-B-W |
| WARDEN, MAINE STATE PRISON, | ) |
| Respondent. | ) |

## RECOMMENDED DECION ON 28 U.S.C. § 2254 PEITION

Ronald E. Tilley has filed a 28 U.S.C. § 2254 petition. The petition was filed on March 25, 2010. I ordered the State of Maine to answer and it has filed a motion to dismiss setting forth the procedural history of Tilley's January 24, 2006, criminal convictions and his probation revocation proceedings; the first for violating a protective order was commenced on July 25, 2008, and the second for escape was commenced on August 1, 2008. On August 15, 2008, the State filed two informations. Tilley entered guilty pleas, admitting violations on his two prior convictions, and the Superior Court fully revoked, ordering Tilley to serve the entire four years and six months of his suspended sentence. With regards to the new conduct the Court ordered a consecutive sentence of one-year on the escape violation and, concurrent to that, 364-days on the protective order violation.

On September 12, 2008, Tilley appealed both the new escape and protective order convictions and filed a notice of discretionary appeal from the revocation orders and these were consolidated under one docket number by the Maine Law Court. To make a long story short, the Maine Law Court denied Tilley relief as to both his new violations on the basis that he pled

guilty and denied him a certificate of probable cause to appeal the revocation orders. This denial initially was entered on December 11, 2008, but a corrected order by the Maine Law Court dated December 19, 2008, was entered on the docket on January 20, 2009.

Prior to those entries, on December 5, 2008, Tilley filed a <u>pro</u> <u>se</u> petition for post-conviction review as to both the revocations and the new convictions. The Superior Court ordered that Tilley was precluded from attacking his probation revocations in a post-conviction review petition. However, the allegations regarding the new convictions were assigned to the docket. With regards to this pending 28 U.S.C. § 2254 petition, the State informs the court that as of May 21, 2010, the post-conviction review proceeding is still pending, there having been many amendments made by Tilley and a recent withdrawal of post-conviction counsel due to Tilley's bar complaint against that attorney. No evidentiary hearing has yet to be held.[1]

In this 28 U.S.C. § 2254 proceeding, Tilley is challenging only his revocation proceedings, challenges which were dismissed from the post-conviction docket, summarizing: "Writ is requested for review from a revocation proceeding where petitioner did not actually violate probation + request review from a erroneous denial of declaratory relief and denial of post-conviction relief to revocation issue." (Sec. 2254 Pet. at 1, Doc. No. 1.) The State points out that Tilley will not be able to challenge the Superior Court's refusal to assign the probation revocation allegations to the docket by requesting review by the Maine Law Court until the entire state post-conviction review proceeding has been completed in the Superior Court.

This is not a case of a mixed petition requiring an analysis of the propriety of a stay and abeyance. See <u>Day v. McDonough</u>, 547 U.S. 198, 210 n.10 (2006); <u>Rhines v. Weber</u>, 544 U.S. 269, 277-79 (2005). It is simply that Tilley's federal claims vis-à-vis his probation revocation

---

[1]  Tilley has also filed a "petition for declaratory judgment" and a Rule 35 motion to correct and reduce his sentences and these have been denied, appealed, and denied.

2

are not fully exhausted. 28 U.S.C. § 2254(b)(1). Accordingly, I recommend that the Court dismiss this petition WITHOUT PREJUDICE to his right to return to the federal courts once he has fully complied with § 2254(b)(1) and assuming that he also complies with the 28 U.S.C. § 2254(d) statute of limitations requirement.[2] This proposed dismissal without prejudice in no way measures the ultimate viability of his proposed federal habeas challenges to his probation revocations.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within *fourteen (14) days after the filing of the objection.*

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 1, 2010

---

[2] I take the State to be conceding that the December 5, 2008, post-conviction petition was "properly filed" with respect to this challenge for purposes of 28 U.S.C. § 2244(d)(2). If I am mistaken on this score, the State must notify the Court of this by the end of the objection period.